JAMES C. NIELSEN (SBN 111889)
jnielsen@nielsenhaley.com
DANIEL N. KATIBAH (SBN 293251)
dkatibah@nielsenhaley.com
NIELSEN, HALEY & ABBOTT LLP
100 Smith Ranch Road, Suite 350
San Rafael, CA 94903
(415) 693-0900
(415) 693-9674 (facsimile)

Attorneys for Defendant,
PHILADELPHIA INDEMNITY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CAMP RICHARDSON RESORT, INC.,

Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

Defendant.

Case No.: 2:15-CV-01101-TLN-AC

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER** [(Fed.R.Civ.P. 26(c)(1)(G) and Eastern District of California Local Rules]

Hon. Allison Claire

Subject to the approval of the Court, and because certain materials likely to be disclosed in connection with this action may contain sensitive and confidential business or proprietary information, particularly those relating to Defendant Philadelphia Indemnity Insurance Company's insurance underwriting techniques, methodologies, and formula for calculating insurance premiums, Philadelphia and Plaintiff Camp Richardson Resort, Inc. hereby agree and stipulate to the following protective order in accordance with Federal Rule of Civil Procedure 26(c)(1)(G) and the Local Rules for the U.S. District Court of the Eastern District of California:

1. In connection with discovery proceedings in this action, either party may designate any document, thing, material, testimony, or other information derived therefrom, as confidential and protected from disclosure under the terms of this Stipulated Protective Order. Confidential information is information which has not been made public and which concerns or relates to the processes,

operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position in the marketplace of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

By designating any material "CONFIDENTIAL" under the terms of this Order, the party making that designation is certifying to the Court that a good faith basis in law and in fact for such designation exists under Federal Rule of Civil Procedure 26(g) and the Eastern District of California Local Rules.

2. Confidential material within the scope of this Order shall be designated as such by affixing a stamp reading "CONFIDENTIAL" to the material. Stamping the word "CONFIDENTIAL" to the cover of any multipage document shall designate all pages of the document as confidential within the meaning of this Order, unless otherwise indicated by the producing party.

3. Testimony taken at any deposition, conference, hearing, or other court proceeding may be designated as "CONFIDENTIAL" by making a statement to that effect on the record at the proceeding. Arrangements shall be made with the court reporter taking and transcribing that proceeding to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL," and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of prosecuting, defending, or settling this litigation and for no other purpose.

5. Confidential material produced under this Order may be disclosed or made available only to the Court, to counsel for a party to this action (including the professional staff employed by that counsel) and to any "qualified person" designated below:

a. A party, or an officer, director, employee, reinsurer, auditor, or regulator of a party deemed necessary by counsel to aid in prosecuting, defending, evaluating, or settling this matter;

b. An expert or consultant (including their clerical staff) retained by counsel to the

parties in this action to assist in prosecuting, defending, or settling the matter;

c. Any court reporter utilized in this action;

d. Any witness at a deposition or other proceeding in this matter; and

e. Any other person as to whom both parties agree in writing.

But prior to receiving any such confidential material, any "qualified person" described above shall be provided with a copy of this Order and shall execute the nondisclosure agreement accompanying this Order as Attachment A.

6. Depositions are to be taken only in the presence of "qualified persons."

7. The parties to this action may further designate certain discovery material or testimony as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" if the material or testimony is of a highly confidential or proprietary nature. Such material shall be designated in the manner described in paragraphs 2 and 3 above. Material designated as such, including all information contained therein, shall be disclosed only to the Court, to counsel for the parties (including their professional staff) and to any "qualified person" listed in Paragraph 5(b)-(e) above. But such material <u>shall not</u> be disclosed to a "qualified person" falling within the description of Paragraph 5(a) above, unless otherwise ordered by the Court or mutually agreed to in writing by the parties. Disclosure of any material classified as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" under this paragraph shall not void the effectiveness of any other provision of this Order.

8. Nothing in this Order shall be construed to impose any restriction on the use or disclosure by any party to this action of material otherwise subject to the terms of this Order that is obtained by the disclosing party independent of the discovery proceedings in this action.

9. Nothing in this Order shall be construed to bar the parties hereto from disclosing their own information they have previously deemed confidential.

10. No material stamped as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall be included in any papers filed with the Court by the party who did not mark that material as such if that party does not first notify his or her opposing counsel that it intends to file such material and first afford an opportunity for opposing counsel to seek a written order from the Court sealing such material in accordance with Eastern District of California Local Rules 141 and 141.1.

11. In the event that any material stamped as “CONFIDENTIAL” or “CONFIDENTIAL-ATTORNEY’S EYES ONLY” is used in any court proceeding in this action, it shall not lose its protected status under this Order through such use, and the party using such material shall take all reasonable steps to maintain its confidentiality during such use.

12. This Order shall be without prejudice to the right of the parties (1) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (2) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) and Eastern District of California Local Rule 251 for a separate protective order as to any particular document or information, including restrictions differing from those as specified in this Order. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13. This Order is entered for the sole purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either part or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14. Any person receiving information or material marked “CONFIDENTIAL” or “CONFIDENTIAL-ATTORNEY’S EYES ONLY” shall not reveal or discuss such information to or with any person not entitled to receive it under the terms hereof. Violation of the provisions of this paragraph may be punished as contempt of this Court in addition to other liabilities as provided by law.

15. This Order shall survive final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within 60 days of termination of this matter, counsel for the parties shall assemble and return to each other all confidential documents, material and deposition transcripts and all copies of the same, or shall certify the destruction thereof.

16. Nothing herein shall be construed to waive by any party any other privilege recognized by law.

17. The parties agree to be bound by the terms of this Order pending the Court's approval.

SO STIPULATED AND AGREED

February 29, 2016

BANKS & WATSON

By:______/s/_________________
ROBERTA LINDSEY SCOTT
Attorneys for Plaintiff
CAMP RICHARDSON RESORT, INC

February 29, 2016

NIELSEN, HALEY & ABBOTT LLP

By:______/s/_________________
DANIEL N. KATIBAH
Attorneys for Defendant
PHILADELPHIA INDEMNITY INSURANCE COMPANY

In accordance with the foregoing Stipulation, IT IS SO ORDERED

March 1, 2016

Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

**Attachment A – Nondisclosure Agreement**

I, ______________________________________________, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Camp Richardson Resort, Inc. v. Philadelphia Indemnity Insurance Company*, United States District Court for the Eastern District of California, Case No. 2:15-CV-01101-TLN-AC, and hereby agree to comply with and be bound the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: ____________________________

_______________________________________

Signature