IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMP RICHARDSON RESORT, INC., <br><br> Plaintiff, <br><br> v. <br><br> PHILADELPHIA INDEMNITY INSURANCE COMPANY, <br><br> Defendant. | No.  2:15-cv-01101-TLN-AC <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the court pursuant to Defendant Philadelphia Indemnity Insurance Company's ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 23.) Plaintiff Camp Richardson Resort ("Plaintiff") filed an opposition. (ECF No. 31.) Defendant filed a reply. (ECF No. 33.) The Court, having read and carefully considered the briefing filed by both parties, hereby GRANTS Defendant's Motion to Dismiss with prejudice.[1] (ECF No. 23.)

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On May 5, 2015, Plaintiff filed a complaint seeking declaratory relief and damages for

---

[1] Defendant also requests the Court take judicial notice of the First Amended Complaint and exhibits in this action and the Joint Status Report in *Jameson Beach Property Owners' Association, et al. v. United States, et al.*, Eastern District of California, Case No. 2:13-cv-01025-MCE-AC. (ECF No. 24.) In resolving a motion to dismiss, courts may consider matters that are subject to judicial notice, including proceedings of other state and federal courts. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244 (9th Cir.1992). Accordingly, the Court GRANTS Defendant's unopposed request.

breach of contract and breach of the covenant of good faith against Defendant.  (ECF No. 2.)  The complaint arises from a third-party suit against Plaintiff by the Jameson Beach Property Owners' Association and other individuals ("third party"), currently pending in this District, Case No. 2:13-cv-01025-MCE-AC ("Jameson action").

Plaintiff is a year-round resort on the shores of Lake Tahoe, including a marina, hotel, ice cream parlor, restaurant, cabins and campground.  It is owned by the United States Forest Service ("USFS") and operated by Plaintiff under Special Use Permits.  A subdivision of lakeside homes, the Jameson Beach Subdivision, lies to the east of Plaintiff.  A partially-paved 25-foot strip of land on Plaintiff's eastern boundary provides access from State Highway 89 to the main camp facility, the marina, and to the public beach.  It is identified as "Jameson Beach Road."  Plaintiff, at the direction of the USFS, provides public parking spaces along Jameson Beach Road and controls the flow of traffic from Highway 89 into the camp via a traffic kiosk.  The Jameson Beach Subdivision property owners and guests use the roadway for ingress and egress.[2]  (ECF No. 15 at 2.)

On May 22, 2013, the third party initiated a lawsuit against Plaintiff and others, alleging claims for: (1) inverse condemnation; (2) deprivation of civil rights due to local government policy or custom; (3) due process; (4) equal protection; (5) due process[3]; (6) private nuisance; (7) trespass; (8) public nuisance; (9) unfair competition; (1) intentional infliction of emotional distress; (11) negligent infliction of emotional distress; (12) unjust enrichment; and (13) negligence.  (ECF No. 18–1 at 213.)

On July 24, 2014, the third party plaintiffs amended their complaint to allege the following claims: (1) quiet title against the Forest Service; (2) quiet title against other defendants; (3) interference with easement; (4) partition; (5) ejectment; (6) inverse condemnation; (7) trespass; (8) unfair competition; (9) public nuisance; (10) private nuisance; (11) intentional infliction of emotional distress; (12) negligent infliction of emotional distress; (13) unjust

---

[2] The factual and procedural background was adopted in part from the Court's previous order (ECF No. 12) issued in December 2015.

[3] The claim designated (5) due process is separate and apart from the claim designated (3) due process. (ECF No. 18–1.)

enrichment; (14) negligence; and (15) Freedom of Information Act violations. (ECF No. 18–1 at 243.)  Relevant to the remaining claims in this action, the third party's amended complaint alleged that Plaintiff's patrons "are often loud, boisterous, drunk, and frequently trespass onto [Jameson Beach] property and docks causing [Jameson Beach's] special injury in the loss of comfort and enjoyment in their homes." (ECF No. 18–1 at 266.)

On May 20, 2015, Plaintiff filed suit against Defendant for declaratory relief, breach of contract, and breach of the covenant of good faith and fair dealing.  Plaintiff alleged that it was entitled to a defense in the Jameson action under the Coverage A, Coverage B, and Liquor Liability Coverage insuring agreements in Defendant's policy.  Plaintiff is insured by Defendant under a commercial general liability coverage policy ("CGL Policy"), which contains one relevant provision to this instant action, the Liquor Liability Coverage.  Under the Liquor Liability Coverage, Plaintiff is insured against liability for damages because of 'injury' …[if] such 'injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage.  (ECF No. 2–1 at 203.)

On July 17, 2015, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim, arguing that the facts do not support a duty to defend or indemnify under the CGL Policy.  (ECF No. 9.)  The Court granted Defendant's motion to dismiss, but allowed Plaintiff leave to file an amended complaint to submit additional authorities and arguments, or plead other facts that could withstand a motion to dismiss.  (ECF No. 15 at 14.)

On January 13, 2016, Plaintiff filed a First Amended Complaint alleging claims for declaratory relief and breach of contract.  (ECF No. 18.)  Defendant moved to dismiss Plaintiff's First Amended Complaint for failure to state a claim, asserting that the facts again do not support a duty to defend or indemnify under the CGL Policy.  (ECF No. 23–1.)

**II.  STANDARD**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  See *Ashcroft v. Iqbal*, 556

U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; see also *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims . . . across

the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.   ANALYSIS**

   A.  First Cause of Action: Declaratory Relief

In the instant matter, Plaintiff requests a judicial determination of the parties' rights and duties under Defendant's CGL Policy as they pertain to Plaintiff's right to a defense and indemnification from the third party action. (ECF No. 18 at 11.) Under California law, an insurer has a broad duty to defend its insured. *Anthem Electronics, Inc. v. Pac. Employers Ins. Co.*, 302 F.3d 1049, 1054 (9th Cir. 2002). "The California Supreme Court has stated that 'the insured is

entitled to a defense if the underlying complaint alleges the insured's liability for damages potentially covered under the policy, or if the complaint might be amended to give rise to a liability that would be covered under the policy…[O]nce the insured has established potential liability by reference to the factual allegations of the complaint, the terms of the policy, and any extrinsic evidence upon which the insured intends to rely, the insurer must assume its duty to defend unless and until it can conclusively refute that potential.'" *Id.* (quoting *Montrose Chem. Corp. v. Superior Court*, 6 Cal.4th 287, 299 (1993). Further, "[a]ny doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." *Id.* "The defense duty is…determined at the outset of the underlying action by comparing the policy provisions with the complaint allegations and any relevant extrinsic evidence to determine if there is any potential of coverage under the policy. If there is, a defense is owed even where ultimately it is determined there was no coverage and therefore no indemnity liability." *Maryland Cas. V. Nat'l Am. Ins. Co.*, 48 Cal. App. 4th 1822, 1828 (1996) (citing *Gray v. Zurich Insurance Co.*, 65 Cal.2d 263, 276 (1996)).

        i.      <u>Liquor Liability Coverage</u>

The Liquor Liability Coverage promises that Defendant will indemnify Plaintiff for "those sums that the insured becomes legally obligated to pay as damages because of 'injury' to which this insurance applies if liability for such 'injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage." (ECF No. 2–1 at 203.) As such, Defendant has a duty to defend any lawsuit "seeking those damages." (ECF No. 2–1 at 203.) Plaintiff contends that it is entitled to a defense based on the allegations in the third party action of allegedly drunk patrons invading the third party's property and the allegations contained in the third party's amended complaint ("FAC"). (ECF No. 18 at 10.) Some of these allegations include: Defendant's securing four alcohol and beverage licenses; creating a "party-oriented spot" for resort-goers; having insufficient and untrained staff to monitor drunk people; servers at the Beacon bar over-serving customers; the Beacon bar playing loud music; Defendant's promoting events that include discount liquor; and generally, drunk people trespassing onto the third-party plaintiffs' property and/or creating a nuisance. (*See* Decl.'s of Ronald Saxon, Bryan Morrison,

1  Kim McCarl, ECF No. 18–1 at 312–401.)  Moreover, the Jameson action FAC alleges that
2  Plaintiff's patrons "are often loud, boisterous, drunk, and frequently trespass onto [Jameson]'s
3  property and docks causing [Jameson]'s special injury in the loss of comfort and enjoyment in
4  their homes."  (ECF No. 18–1 at 266.)
5  However, California Business & Professions Code section 25602(b) categorically bars a
6  "person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic
7  beverage" from being held civilly liable for the act of selling or furnishing alcohol.  Cal. Bus. &
8  Prof. Code § 25602(b).  (ECF No. 23–1 at 7.)  "When properly applied, § 25602 immunity means
9  that [the insured] cannot be liable 'by reason of the selling, serving, or furnishing of any alcoholic
10 beverage,' which is the requirement for indemnity under the [Liquor Liability Coverage]."  *N.E.*
11 *Ins. Co. v. Masonmar, Inc.*, No. 1:13-CV-364 AWI SAB, 2014 WL 1247604, at *3 (E.D. Cal.
12 Mar. 25, 2014).  The sole exception to this immunity is when alcohol is sold or otherwise
13 provided to an "obviously intoxicated minor."  Cal. Bus. & Prof. Code § 25602.1; *See Ruiz v.*
14 *Safeway, Inc.*, 209 Cal. App. 4th 1455, 1459–60 (2012) (the "one" exception to immunity under
15 section 25602 is providing alcohol to an intoxicated minor); *N.E. Ins. Co.*, 2014 WL 1247604, at
16 *3 (the obviously intoxicated minor exception is the "sole" exception to immunity under section
17 25602); *Elizarraras v. L.A. Private Sec. Servs., Inc.*, 108 Cal. App. 4th 237, 243 (2003) ("[t]he
18 statutory exception of 25602.1 is a narrow one that is construed strictly").  Even then, the act of
19 serving alcohol to an obviously "intoxicated minor" must have been "the proximate cause of the
20 personal injury or death sustained by" another person for the alcohol's provider to face civil
21 liability.  Cal. Bus. & Prof. Code § 25602.1.
22 Here, Plaintiff amended its complaint to include allegations pertaining to the alleged over-
23 selling of alcohol by the Plaintiff in the Jameson action.  Plaintiffs added that drunken patrons
24 invaded the Jameson Beach property and that the third-party plaintiffs averred loss of use of the
25 property as a result of this conduct.  (ECF No. 18–1 at 252.)  Notwithstanding these additional
26 allegations, Plaintiff fails for the second time to identify any facts in the third party FAC in which
27 Defendant furnished alcohol to an "obviously intoxicated minor."  Because Plaintiff cannot be
28 liable for damages in the Jameson action unless it served alcohol to an "obviously intoxicated

minor", then the Liquor Liability Coverage does not apply. Accordingly, Defendant does not have a duty to defend or indemnify Plaintiff in the Jameson action as a matter of law and Defendant's motion to dismiss the declaratory relief claim is hereby GRANTED.

B. Second Cause of Action: Breach of Contract

Because Plaintiff has failed to establish a basis for coverage under the CGL policy, Plaintiff has also not established a basis to bring a claim for breach of contract. *See Rizzo v. Ins. Co. of State of Pennsylvania*, 969 F. Supp. 2d 1180, 1203 (C.D. Cal. 2013) (court found that the defendant was entitled to summary judgment on claims for breach of contract for the duty to indemnify because there was no potential for coverage under the policy, thus, there could be no breach of contract or breach of covenant of good faith and fair dealing). Thus, Defendant's motion to dismiss the breach of contract claim is hereby GRANTED.

C. Leave to Amend

To determine whether leave to amend should be granted, the Court must consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment, etc.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend need not be granted where doing so would be an exercise in futility. *Nordyke v. King*, 644 F.3d 776, 788 (9th Cir. 2011). "A district court may deny a plaintiff leave to amend if it determines that allegations of other facts consistent with the challenged pleading could not possibility cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

Plaintiff's First Amended Complaint ("FAC") reasserts claims for declaratory relief and breach of contract. (ECF No. 2.) Although this Court granted Plaintiff leave to amend its initial complaint to submit additional authorities, and/or other facts that would withstand a motion to dismiss, Plaintiff has failed to do so. (ECF No. 15 at 14.) Plaintiff's FAC suffers the same deficiencies as the original Complaint, by failing to identify a single fact that demonstrates

1 Plaintiff served alcohol to an "obviously intoxicated minor." Moreover, Plaintiff further fails to show why the "sweeping civil immunity" afforded to furnishers of alcohol, which is to be strictly construed, does not remove Defendant's duty to defend Plaintiff in the Jameson action. *Elizarraras*, 108 Cal. App. 4th at 243. Accordingly, Plaintiff failed to cure the deficiencies as identified in this Court's previous Order. (ECF No. 15 at 13.) Because the Court finds that it is unlikely Plaintiff may submit any additional authorities and arguments, or plead other facts that would withstand a motion to dismiss, any further amendments to Plaintiff's claims will likely be futile. Accordingly, Plaintiff's FAC is dismissed with prejudice.

**IV.  CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED WITH PREJUDICE. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: November 8, 2016

Troy L. Nunley
United States District Judge